Supreme Court—Smith v. Spaeth.

WILLIAM J. SMITH, PLAINTIFF-APPELLEE, v. ALOIS
SPAETH, JR., DEFENDANT-APPELLANT.

Submitted January 6, 1925—Decided April 13, 1925.

Contracts—Undertakers—Claim Against Brother of Deceased—
Evidence of Existence of Contract—Judgment in District
Court—Payment During Suit of a Part of the Claim by the
Estate of the Deceased—Such Payment Must be Deducted
From $500, the Limit of Claims in District Courts, Not From
$585.10, the Actual Amount of Claims.

On appeal from the Orange District Court.

Before Justices Trenchard, Minturn and Lloyd.

For the appellee, *William Tyacke.*

For the appellant, *Haines & Chanalis.*

Per Curiam.

This is an appeal from a judgment in the Orange District
Court in favor of the plaintiff in the sum of $398.37. The
plaintiff was an undertaker, and, according to his evidence,
was engaged by the defendant to furnish the services and
supplies for the funeral of the defendant's brother. A book
account of the claim was admitted in evidence and admitted
to be correct as to amount. The book account purported to
be a charge against the estate of the deceased brother. The
plaintiff, however, testified that he made out an estimate of
the cost of the funeral and that the defendant had orally
promised to pay for the same, which he had refused to do.
The evidence of the defendant tended to show that there was
no contract between the plaintiff and the defendant, but that
the defendant was acting for his sister-in-law, the widow
of the deceased brother. It was also conclusively shown that
the plaintiff had, after the present suit was begun, received a
dividend of $187.73 from the estate of the deceased brother
on account of the claim.

The appellant contends that on the whole of the proofs credit was given to the dead man's estate and not to the defendant, and that, consequently, the judge should have rendered a verdict for the defendant, and that, in any event, the dividend of $187.73 should have been credited on the $500 claimed in this action instead of on the original claim. While the estate of the deceased brother might be liable for the funeral expenses, this did not preclude the plaintiff from making an original agreement with the defendant respecting them, and there is evidence to show that he did. The appellant also contends under the case of *Weill* v. *Jacoby*, 72 *N. J. L.* 273, that the suit, being on a book account, does not sufficiently apprise the defendant of a claim under a special contract. This, perhaps, would be true under the state of demand originally filed. It was followed, however, by an amended state of demand, in which the claim is for services rendered to the defendant by the plaintiff at the defendant's request, and this objection is thereby overcome. We think, however, that the objection that the credit was improperly applied is well founded. In order to bring the original claim of $585.10 within the jurisdiction of the District Court, the plaintiff waived all above the sum of $500. Section 33 of the District Court act (*C. P.* 1964) gives the plaintiff the right to waive any excess, but also declares that a "recovery shall be a bar to the recovery of the residue of such debt, balance or other matter in dispute in any court whatsoever." When plaintiff began the present action his claim, by reason of the waiver, stood for $500 and no more. When, shortly thereafter, he received payment through the Orphans Court of $187.73, it necessarily was a credit on his then existing claim.

If the plaintiff will waive the excess over $313.27 the judgment will be affirmed in that amount, without costs, on this appeal; otherwise it will be reversed, and a new trial awarded as to damages alone. *Philbrick* v. *Mundy*, 93 *N. J. L.* 43; approved and followed, *E. Clemens Horst Co.* v. *Peter Breidt City Brewery*, 94 *Id.* 230.